**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

Kim Y. Kelly,

    *Plaintiff*,

v.

The George Washington University,

    *Defendant.*

Civil Action No.: 1:13-cv-0411-TSE-TCB

**DEFENDANT GEORGE WASHINGTON UNIVERSITY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant George Washington University ("Defendant" or "GW") answers Plaintiff's Complaint ("Complaint") as follows:

**GROUNDS FOR JURISDICTION**

The allegations contained in the section of the Complaint entitled "Grounds for Jurisdiction" set forth conclusions of law to which no response is required. To the extent the allegations in this section contain factual statements; Defendant denies each and every allegation.

**FACTS OF THE CASE**

Plaintiff alleges in "B. Facts of the Case" that Defendant "committed several employment discriminatory acts, as indicated below", setting them out in Paragraphs 1 through 8. Defendant admits that Plaintiff was on Family and Medical Leave from February 10, 2009 until May 31, 2009, but Defendant denies that it engaged in any employment discrimination against the Plaintiff including through the acts alleged in Paragraphs 1 through 8.

As to the facts alleged in Paragraphs 1 through 8, Defendants states as follows:

2

1. Defendant admits that certain other employees received promotions consistent with merit and business necessity, but Defendant denies each and every remaining allegation contained in Paragraph 1 in the section of the Complaint entitled "Facts of the Case."[1]

2. Defendant denies each and every allegation contained in Paragraph 2.

3. Defendant denies each and every allegation contained in Paragraph 3.

4. Defendant denies each and every allegation contained in Paragraph 4.

5. Defendant admits that Plaintiff's work location was not transferred back to GW's Foggy Bottom campus after her work location and that of many others in her department were transferred to GW's Ashburn, Virginia campus. Defendant lacks sufficient information to admit or deny whether Plaintiff was advised by "D.K." in September 2008 "that he would quit before moving to the Virginia campus," and therefore denies that allegation. Defendant denies each and every remaining allegation contained in Paragraph 5.

6. Defendant admits that Plaintiff's work location was not transferred back to GW's Foggy Bottom campus after her work location and that of many others in her department were transferred to GW's Ashburn, Virginia campus. Defendant denies each and every remaining allegation contained in Paragraph 6.

7. Defendant denies each and every allegation contained in Paragraph 7.

8. With the exception of the dates of Defendant's time on Family Medical Leave, Defendant denies each and every allegation contained in Paragraph 8 including those made in the unnumbered paragraphs that appear below Paragraph 8.

---

[1] Throughout the Complaint, Plaintiff refers to individuals by their initials. Defendant will use its best efforts to discern the identity of the individuals to whom she refers.

Plaintiff alleges that Defendant retaliated against her for engaging in protected activity through the acts alleged in Paragraphs 9 through 20.  Defendant denies that it retaliated against Plaintiff including through the acts alleged in Paragraphs 9 through 20.

As to the facts alleged in Paragraphs 9 through 20, Defendant states as follows:

9. Defendant admits that Plaintiff's work location was not transferred back to GW's Foggy Bottom campus after her work location and that of many others in her department were transferred to GW's Ashburn, Virginia campus.  Defendant admits that "DK" worked at the Foggy Bottom campus, but denies any and all remaining allegations regarding his employment. Defendant denies each and every remaining allegation contained in Paragraph 9.

10. Defendant avers that Plaintiff was granted the specific accommodation requested by her doctor to work 20 hours per week upon her return from her medical leave. Defendant denies each and every remaining allegation contained in Paragraph 10.

11. Defendant denies each and every allegation contained in Paragraph 11.

12. Defendant denies each and every allegation contained in Paragraph 12.

13. Defendant denies each and every allegation contained in Paragraph 13.

14. Defendant avers that Plaintiff was granted the specific accommodation requested by her doctor to work 20 hours per week upon her return from her medical leave.  Defendant denies each and every remaining allegation contained in Paragraph 14.

15. Defendant admits that its Equal Employment Opportunity office had access to a copy of Plaintiff's doctor's note as part of the process to accommodate Plaintiff's and her doctor's requests.  Defendant denies each and every remaining allegation contained in Paragraph 15.

16. Defendant denies each and every allegation contained in Paragraph 16.

3

17. Defendant admits that Plaintiff was not permitted to carry over her unused vacation time pursuant to Defendant's policies and procedures. Defendant denies each and every remaining allegation contained in Paragraph 17.

18. Defendant admits that Plaintiff's request to transfer to another position was denied. Defendant denies each and every remaining allegation contained in Paragraph 18.

19. Defendant avers that Plaintiff voluntarily resigned her employment with Defendant effective July 24, 2009. Defendant denies each and every remaining allegation contained in Paragraph 19.

20. Defendant denies each and every allegation contained in Paragraph 20.

## REMEDIES SOUGHT

Defendant denies each and every allegation contained in the section of the Complaint entitled "Remedies Sought," including the subsections entitled "Injunctive Relief," "Costs plus Interest," "Reimbursement of Funds Paid/Lost plus interest," Compensatory Damages," "Pain and Suffering," and "Punitive Damages."

## ADMINISTRATIVE REMEDIES EXHAUSTED

Defendant denies each and every allegation contained in the section of the Complaint entitled "Administrative Remedies Exhausted," but admits that Plaintiff filed a complaint with the EEOC dated January 28, 2009 and that the EEOC issued a Right to Sue Letter dated January 31, 2013.

## AFFIRMATIVE DEFENSES

Defendant alleges the following separate and independent affirmative defenses to the Complaint, without assuming the burden of proof where such burden is otherwise on Plaintiff

4

pursuant to applicable substantive or procedural law.  Defendant reserves the right to amend or supplement its affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.[2]

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

Defendant's actions were based on legitimate factors and were not based on discriminatory, retaliatory, or other unlawful motives.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, because they are not an appropriate remedy under the Age Discrimination in Employment Act or the Equal Pay Act.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed to mitigate her damages.

---

[2] Defendant has also filed, contemporaneously with this Answer, a Partial Motion to Dismiss the allegations in Plaintiff's Complaint that are legally insufficient on their face.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's purported remedies may be limited by the doctrine of after-acquired evidence, subject to a reasonable opportunity for investigation and discovery.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent Plaintiff asserts allegations not included in or related to those allegations set forth in her Charges of Discrimination before the Equal Employment Opportunity Commission and the Virginia Council on Human Rights, Plaintiff has a failed to exhaust administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, based on the doctrines of laches, waiver, and/or estoppel.

### TENTH AFFIRMATIVE DEFENSE

This action or any relief sought by Plaintiff is barred, in whole or in part, because Defendant may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet been completed. Accordingly, Defendant reserves the right to supplement the foregoing and raise additional defenses as may appear as the case progresses.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant respectfully requests that the Court:

A. Enter judgment dismissing Plaintiff's Complaint in its entirety with prejudice;

B. Deny all relief sought by Plaintiff in the paragraphs contained in the section of the Complaint entitled "Remedies Sought," including the subsections entitled

"Injunctive Relief," "Costs plus Interest," "Reimbursement of Funds Paid/Lost plus interest," Compensatory Damages," "Pain and Suffering," and "Punitive Damages";

        C.    Enter judgment awarding Defendant costs and expenses incurred in defending against Plaintiff's claims including, without limitation, their reasonable attorneys' fees; and

        D.    Enter judgment awarding Defendant such other and further relief as this Court deems just and proper.

June 18, 2013

/s/ David O'Brien
David O'Brien (VA Bar. No. 14924)
Christopher Calsyn (*pro hac vice* pending)

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: dobrien@crowell.com
       ccalsyn@crowell.com

*Counsel for Defendant George Washington University*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

I also certify that a true and accurate copy of the foregoing was served on the 18th day of June 2013 via first class U.S. mail on the following:

>Kim Y. Kelly
>5550 Columbia Pike #310
>Arlington, VA  22204
>Telephone: (571) 312-2315

>/s/ David O'Brien
>David O'Brien (VA Bar. No. 14924)
>
>CROWELL & MORING LLP
>1001 Pennsylvania Avenue, NW
>Washington, DC 20004
>Telephone: (202) 624-2500
>Facsimile: (202) 628-5116
>Email: dobrien@crowell.com