THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUL 1 7 2013

CLERK,

Kim Y. Kelly,                        )
                                     )
        Plaintiff,                   )
                                     )
                                     )
v.                                   )   Civil Action No.1:13cv411
                                     )
                                     )
The George Washington University,    )
                                     )
        Defendant.                   )

## SCHEDULING ORDER

1.   Upon consideration of the representations made by the
parties in submissions presented, the Court makes the following
rulings:

a.   The Defendant's Discovery Plan is approved and shall
control discovery to the extent of its application as modified
by the Court.

2.   The following provisions shall apply to the filing and
noticing of all motions:

(a)  All motions must contain a statement that a good-faith
effort to narrow the area of disagreement has been made in
accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E)
for discovery motions.  All motions must adhere to the page
limits and font requirements set in Local Civil Rule 7(F)(3).
An appropriate number of paper copies of any motion and all
pleadings relating to that motion shall be **delivered directly to**

**the chambers of the judge** within one day of the electronic filing. *See* "Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b) All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference consistent with the briefing schedules discussed below. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above. Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(c) Dispositive motions and motions relating to patent claim construction shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K). Local Civil Rule 7(F)(1) provides that a responsive brief is due 11 days after **service** of the motion and a rebuttal brief may be filed 3 days after the **service** of the opposition. Unless the parties have agreed to waive the additional time provided in Fed. R. Civ. P. 6(d) for acting after electronic service, a notice of hearing for a dispositive motion must allow at least 21 days in order to allow the briefing to be completed prior to the hearing. Any dispositive motion against a *pro se* party must

contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

(d) In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be **filed and served** by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response must be **filed and served** by no later than 5:00 p.m. the Wednesday before the hearing and any reply should be **filed and served** as early as possible on Thursday to give the Court time to review all pleadings before the hearing. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing in accordance with the briefing schedule provided in Local Civil 7(F)(1) discussed above in order to provide additional time for briefing and consideration by the Court.

(e) All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned

section within the brief addressing, in numbered-paragraph form
corresponding to the movants section, each of the movant=s
enumerated facts and indicating whether the non-movant admits or
disputes the fact with appropriate citations to the record.    The
Court may assume that any fact identified by the movant as
undisputed in the movants brief that is not specifically
controverted in the non-movants brief in the manner set forth
above is admitted for the purpose of deciding the motion for
summary judgment.

(f)   Any motion to file a document under seal, including a
motion for entry of a protective order containing provisions for
filing documents under seal, must comply with Local Civil Rule 5
and must be noticed for a hearing in open court.   The motion
must state sufficient facts supporting the action sought, and
each proposed order must include specific findings.   Where a
party moves to file material under seal because the opposing
party has designated that material as confidential, the opposing
party must file a response to the motion and a proposed order
that meet the requirements of Local Civil Rule 5.   Only the
particular material found to meet the required standard may be
sealed, with the remainder filed in the public record.   An
unsealed, redacted version of the filing in issue shall be filed
with the motion to seal.

Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004).

3.    To the extent either party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

4.    Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

5.    In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

It is so ORDERED.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Theresa Carroll Buchanan
United States Magistrate Judge

Date: July 17, 2013
Alexandria, Virginia

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Kim Y. Kelly, | |
| *Plaintiff,* | |
| v. | Civil Action No.:  1:13-cv-0411-TSE-TCB |
| The George Washington University, | |
| *Defendant.* | |

## DEFENDANT'S PROPOSED DISCOVERY PLAN

Defendant George Washington University ("Defendant") submits this Proposed Discovery Plan pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), Local Civil Rule 26(A), and the Court's Order, dated June 20, 2013.

Counsel for Defendant sent Plaintiff, who is proceeding *pro se*, a draft Joint Proposed Discovery Plan on July 3, 2013. Defendant's counsel teleconferenced with Plaintiff for approximately 45 minutes on July 8, 2013 to explain the terms of the draft Joint Proposed Discovery Plan. Defendant's counsel also exchanged a number of emails with Plaintiff to explain and revise the draft Joint Proposed Discovery Plan between July 8 and July 10, 2013. Although Defendant's counsel believed at various times that the parties had agreed to all or virtually all of the relevant terms of the draft Joint Proposed Discovery Plan, it appears now that the parties cannot reach agreement. Therefore, Defendant submits the following Proposed Discovery Plan for the Court's consideration:

1.  <u>Magistrate Judge</u>:  Defendant consents to try this matter in front of a United States Magistrate Judge.

2.  <u>Electronically Stored Information</u>:  Defendant agrees to cooperate regarding the

resolution of any issues involving the production of electronically stored information.

3. Privileged Information: Defendant proposes that if privileged materials, trial preparation materials, or other protected information is inadvertently produced, the producing Party may timely assert the privilege or protection and obtain the return of the information without a waiver of any applicable privileges pursuant to Federal Rule of Evidence 502. Any Party withholding information on the grounds of privilege shall comply with Rule 26(b)(5).

4. Protective Order: If necessary, Defendant is prepared to negotiate a mutually-agreeable protective order to govern disclosure of confidential information in this litigation, and is prepared to submit it to this Court in compliance with Local Civil Rule 5(C) in a timely fashion.

5. Pre-trial Schedule: Defendant proposes the following:

A. **Initial Disclosures:** The exchange of disclosures required under Rule 26(a)(1) will occur on or before August ⫻ 2013, with no changes to the form and requirements for these disclosures.

B. **Expert Disclosures:** In accordance with Local Civil Rule 26(D)(2), Plaintiff's Fed. R. Civ. P. 26(a)(2) expert disclosures are due on or before September 16, 2013, Defendant's Fed. R. Civ. P. 26(a)(2) disclosures are due on or before October 16, 2013, and any rebuttal disclosures by Plaintiff are due on or before October 31, 2013.

C. **Dispositive Motions:** The Parties will file any dispositive motions by November 25, 2013.

2

Respectfully submitted,

/s/ David O'Brien
David O'Brien (VA Bar. No. 14924)
Christopher Calsyn (Admitted *pro hac vice*)

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: dobrien@crowell.com
          ccalsyn@crowell.com

*Counsel for Defendant George Washington
University*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2013, a true and accurate copy of the

foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and a

copy was served via first class U.S. mail on the following:

      Kim Y. Kelly
      5550 Columbia Pike #310
      Arlington, VA  22204
      Telephone: (571) 312-2315


          /s/ David O'Brien
          David O'Brien (VA Bar. No. 14924)

          CROWELL & MORING LLP
          1001 Pennsylvania Avenue, NW
          Washington, DC 20004
          Telephone: (202) 624-2500
          Facsimile: (202) 628-5116
          Email: dobrien@crowell.com