IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIM Y. KELLY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13cv411 |
| ) | |
| THE GEORGE WASHINGTON ) | |
| UNIVERSITY, ) | |
| Defendant. ) | |

## ORDER

The matter is before the Court on defendant's partial motion to dismiss plaintiff's complaint (doc. 5). At the scheduled hearing on the motion, defendant appeared by counsel and plaintiff appeared *pro se*.[1] In any event, the motion has been adequately briefed and argued.

In this employment discrimination case, plaintiff alleges that she was subject to discrimination by her employer, defendant The George Washington University ("GWU"), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[2] the Age Discrimination in Employment Act ("ADEA"),[3] and the Equal Pay Act ("EPA").[4] Defendant now seeks partial threshold dismissal of certain claims, arguing (i) that some of plaintiff's allegations under Title VII and the ADEA are time barred, because they took place more than 300 days prior to the filing of an EEOC complaint; (ii) that plaintiff's claim under the EPA is barred by the relevant statute of limitations; and, (iii) that punitive damages and damages for emotional distress are not

---

[1] The Court urged plaintiff to seek counsel, and she responded by indicating that she intended to do so.

[2] Codified as amended at 42 U.S.C. §§ 2000e *et seq.*

[3] 29 U.S.C. §§ 621 *et seq.*

[4] 29 U.S.C. § 206(d)(1).

−1−

available under either the ADEA or the EPA. Plaintiff, proceeding *pro se*, opposes this motion, arguing (i) that the violations that occurred prior to April 3, 2008 are continuous violations that are not time barred, and (ii) that punitive damages and damages for emotional distress are permitted under ADEA and the EPA. Plaintiff does not appear to oppose dismissal of the EPA claim as time barred. For the reasons that follow, defendant's partial motion to dismiss must be granted.

Plaintiff Kim Y. Kelly, a resident of Virginia, brings this discrimination suit against Defendant GWU, a University based in Washington, D.C.[5] From October 2001 until July 2009, Kelly was employed as a Network Security Systems Engineer at GWU. Kelly alleges that GWU engaged in a variety of discriminatory conduct, including: (1) promoting less qualified individuals of different races or who were younger than Kelly; (2) recommending less qualified individuals of different races for promotional opportunities instead of Kelly; (3) denying Kelly temporary promotions on the basis of race; (4) denying Kelly lump sum bonuses on the basis of race; (5) denying Kelly a transfer between the Virginia campus and the Washington, D.C. campus, while permitting transfers for employees of different races and younger ages; (6) failing to provide Kelly equal pay for equal work; (7) retaliating against Kelly for filing an internal EEO complaint and a complaint with the EEOC.; and (8) denying Kelly's leave of absence request. On October 31, 2008, Kelly filed a complaint with GWU's EEO Office. Shortly thereafter, on January 28, 2009, Kelly filed a complaint with the EEOC and with the Virginia Council on Human Rights. In July 2009, Kelly resigned from the GWU, claiming constructive discharge. Kelly then amended her complaint with the EEOC on September 17, 2009. On January 31, 2013, the EEOC issued a right to sue letter.

---

[5] The corporate structure of defendant is not clear from the pleadings.

The legal principles governing the resolution of this motion to dismiss are well-settled. To begin with, "[b]efore a plaintiff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the EEOC." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e–5(f)(1)(Title VII) & 29 U.S.C. § 626(d)(ADEA)). There are two limitation periods for filing a discrimination charge with the EEOC: "The basic limitations period is 180 days after the alleged unlawful employment practice." *Id.* And the "limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has been filed with a state deferral agency." *Id.* (citing *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998)). Recovery is not permitted "for discrete acts of discrimination[6] or retaliation that occur outside the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). Moreover, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113; *see also Jones*, 551 F.3d at 303. In contrast, a hostile work environment claim may contain acts that predate the 300 day period, as a "hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117 (quoting 42 U.S.C. § 2000e–5(e)(1)).

Second, a claim under the EPA must be commenced "within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]" 29 U.S.C. § 255(a); *Maron v. Virginia Polytechnic Inst. & State Univ.*, 508 F.App'x 226, 233 (4th Cir. 2013). Because "each issuance of a paycheck to a female employee at a lower wage than that issued to her male counterpart constitutes a new discriminatory action for purposes of [the EPA,]" the statute of limitations

---

[6] A discrete act is an act "such as termination, failure to promote, denial of transfer, or refusal to hire[.]" *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114.

begins to run either on the elimination of the violation or the termination of plaintiff's employment. *See Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 347 (4th Cir. 1994).

Third, damages under the ADEA and the EPA are governed by the Fair Labor Standards Act. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125 (1985); *Loveless v. John's Ford, Inc.*, 232 F.App'x 229, 238 (4th Cir. 2007); 29 U.S.C. § 216(b). Although the Fourth Circuit has not addressed whether punitive damages are available under the ADEA, the sister circuits are in agreement that such damages are not available. *See Smith v. Berry*, 165 F.3d 390, 395 (5th Cir. 1999) ("the ADEA does not provide for punitive damages"); *Williams v. Valentec Kisco, Inc.*, 964 F.2d 723, 729 (8th Cir. 1992) ("Punitive damages as such are not recoverable under the ADEA."); *Bruno v. W. Elec. Co.*, 829 F.2d 957, 967 (10th Cir. 1987) ("punitive damages are not available under the ADEA"); *see also Tumolo v. Triangle Pacific Corp.*, 46 F.Supp.2d 410, 416 (E.D. Pa. 1999) (collecting cases).[7] Similarly, the ADEA and the EPA do not "permit a separate recovery of compensatory damages for pain and suffering or emotion distress." *Commissioner v. Schleier*, 515 U.S. 323, 326 (1995) (collecting cases); *Slatin v. Stanford Research Inst.*, 590 F.2d 1292, 1296 (4th Cir. 1979); *see also Cyr v. Perry*, 301 F.Supp.2d 527, 536 (E.D. Va. 2004) ("plaintiff may not recover compensatory damages, including damages for pain and suffering or emotional distress").

These principles, applied here, point persuasively to the conclusion that defendant's partial motion to dismiss must be granted. Plaintiff's complaints to the EEOC and the Virginia Council on Human Rights were filed on January 28, 2009. Accordingly, any discrete discriminatory act alleged to have occurred more than 300 days prior to the filing of the

---

[7] Although punitive damages are not available, plaintiff may recover liquidated damages in an amount equivalent to plaintiff's award for back pay and benefits under the ADEA and EPA for willful violations. *Loveless*, 232 F.App'x at 239.

complaint, *i.e.*, prior to April 3, 2008, must be dismissed. This includes the claims relating to: (i) the failure to promote plaintiff in October 2001, October 2006, June 2007, October 2007, December 2007, and March 2008; (ii) the denial of an employment opportunity in March 2007; (iii) the denial of transfer to GWU's Washington, D.C. campus in 2006 and March 2008; retaliation for filing a complaint on May 8, 2007; and, (iv) reverse wage discrimination beginning in October 2001. Second, it is undisputed that plaintiff's employment ended in July 2009. Thus, the longest statute of limitations period ended in July 2012. Accordingly, the EPA claim must be dismissed as time barred. Finally, plaintiff's claims for punitive damages and compensatory damages for emotional distress must be dismissed because such damages are not available under the ADEA.

For these reasons, and for good cause,

It is hereby **ORDERED** that defendant's partial motion to dismiss (doc. 5) is **GRANTED**.

It is further **ORDERED** that the following claims are **DISMISSED**:

(i) Plaintiff's claims relating to discrete acts of discrimination that occurred prior to April 3, 2008;

(ii) Plaintiff's Equal Pay Act claims; and,

(iii) Plaintiff's claims for punitive damages and damages for emotional distress under the Age Discrimination in Employment Act.

The Clerk is directed to send a copy of this Order to all counsel of record and to plaintiff by U.S. mail.

Alexandria, VA
July 29, 2013

/s/
T. S. Ellis, III
United States District Judge